UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| MONICA HEARD, individually as surviving spouse of Dexter Heard, Sr., and MONICA HEARD, as Administrator of the Estate of Dexter A. Heard, Sr., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV423-012 |
| FEDEX CORPORATION, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, and WILLIS TOWERS WATSON, | ) ) ) ) ) | |
| Defendants. | ) | |

# ORDER

Plaintiffs have filed a Motion to Amend Pleadings. Doc. 41. In a subsequent filing, defendants FedEx Corporation and The Prudential Insurance Company of America indicated they did not oppose Plaintiff's request. Doc. 43 at 2. In that same filing, Defendant Willis Towers Watson indicated it "takes no position" on the motion. *Id.* During a status conference, counsel for Willis Towers Watson clarified that it did not oppose the motion. *See* doc. 44 (Minute Entry). For the following reasons, the Motion is **GRANTED**. Doc. 41.

1

Plaintiffs move pursuant to Federal Rule of Civil Procedure 15 for leave to amend their Complaint "to add specific allegations for breach of fiduciary against Defendants by failing to properly investigate." Doc. 41 at 2. Since Plaintiffs' time for amending the complaint as a matter of course has expired, the proposed amendment requires leave of court. *See* Fed. R. Civ. P. 15(a)(1)-(2).

Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires." *Id.* District courts are given "extensive discretion" in determining whether to allow an amended pleading. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). In exercising its discretion, a court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Seiger by and through Seiger v. Philipp*, 735 F. App'x 635, 637 (11th Cir. 2018) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (internal quotations omitted)). However, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad

enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

The Court finds no substantial reason to deny Plaintiffs leave to amend their Complaint. No party opposes the motion, so there is no indication that any party will suffer prejudice from the amendment. Therefore, the Motion to Amend is **GRANTED**. Doc. 41. Plaintiffs are **DIRECTED** to file their Amended Complaint within 7 days from the date of this Order. Defendants shall have 14 days to respond to the Amended Complaint. *See* Fed. R. Civ. P. 15(a)(3); *see also* doc. 43 at 2. Given this disposition, the Agreed Motion Seeking Entry of Order on Plaintiff's Motion to Amend Complaint is **DISMISSED** as moot. Doc. 43.

It appears that Plaintiffs' Amended Complaint will render The Prudential Insurance Company of America's Motion to Dismiss, doc. 29, moot. *See, e.g.*, *Auto-Owners Ins. Co. v. Tabby Place Homeowners Assn.*, ___ F. Supp. 3d ___, 2022 WL 4542114, at *2 n. 4 (S.D. Ga. Sept. 28, 2022) ("An amended complaint that does not incorporate the prior pleading . . . moots the motion to dismiss the original complaint because the motion seeks to dismiss a pleading that has been superseded." (internal quotation marks and citation omitted)). Prudential has, therefore,

agreed to "withdraw its pending Motion to Dismiss without prejudice to moving to dismiss the First Amended Complaint." Doc. 43. The Clerk is, therefore, **DIRECTED** to **TERMINATE** the currently pending Motion to Dismiss, doc. 29, as withdrawn.

    **SO ORDERED** this 18th day of May, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA